JUSTICE HUNT
concurring in part and dissenting in part.
¶54 I concur with issues one, two and three of the majority opinion.
¶55 I dissent from issue four of the majority opinion which holds that the District Court did not err when it refused to set aside the verdict and dismiss count 1 of the amended information on the grounds that the court failed to arraign Clark on the charges contained within the amended information.
¶56 The crux of the issue is whether the amendment to the original information was only one of form or whether it was one of substance. If the change was one of substance, then the District Court was required to arraign the defendant on the amended information. Section 46-11-205(2), MCA. I would hold that the amendment was one of substance.
¶57 As the maj ority points out, the test for determining whether the amendment is one of form or substance was set forth in Sor-Lokken (1991), 247 Mont. at 349, 805 P.2d at 1371. Pursuant to that test, an amendment is one of form only if:
*495 (1) The same crimes are charged;
(2) The elements of the crimes remain the same;
(3) The required proof remains the same; and
(4) The defendant is informed of the charges against him.
¶58 In this case the required proof changed when the information was amended. The prosecution was required to prove that Clark possessed a “dangerous drug” as defined by § 50-32-101(6), MCA. That statute in turn defines a “dangerous drug” as any “drug, substance, or immediate precursor in Schedules I through V set forth in part 2.” To prove that Clark possessed a dangerous drug, the prosecution was thus required to produce evidence specifically identifying the substance he allegedly possessed. The evidence necessary to prove he possessed methamphetamine differs from that necessary to prove that he possessed amphetamine, regardless of the fact that both substances constitute “dangerous drugs.”
¶59 In fact, had the prosecution not amended the information, and had it produced evidence that Clark possessed amphetamine rather than methamphetamine as identified in the original information, the prosecution would have failed in its burden of proof. For that very reason, the prosecution sought to amend the information to accurately identify the substance as amphetamine. For that same reason, once the information was amended, the District Court specifically instructed the jury that to convict the defendant of criminal possession of dangerous drugs, the prosecution must prove that the “defendant possessed amphetamine.”
¶60 So yes, while the majority is correct in its view that in either case the prosecution must prove that Clark possessed a “dangerous drug,” it is also true that the prosecution bears the burden of specifically identifying the substance he possessed in order to prove that the substance constitutes a “dangerous drug” within the meaning of the statute. Because the required proof changes, depending on substance possessed, it is my view that the amendment to the information was one of substance.
¶61 For this reason, I would reverse the District Court and hold that it was required to arraign Clark on the charges contained within the amended information.
¶62 I concur in part and dissent in part.
JUSTICE TRIEWEILER concurs in the forgoing concurring and dissenting opinion.